**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
LISE DUPONT,

                                   Plaintiff,

            - against -

BRAVO SAILING CORP. and
CHRISTOPHER CORP.,

                                 Defendants.
-----------------------------------------------------------X

**ORDER**

CV 07-1406 (DRH) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      By letter motion dated February 22, 2008, Defendants Bravo Sailing Corp. and Christopher Corp. (collectively, "Defendants") moved this Court for an Order compelling Plaintiff's expert, John A. Tylawsky, to produce a document reviewed by him prior to rendering his expert opinion [DE 26]. Plaintiff responded to that motion by letter dated February 27, 2008, arguing that the document was protected from disclosure by the attorney work product doctrine [DE 27].[1] At the Pretrial Conference held on March 28, 2008, I heard from both sides on this issue and requested that Defendants provide me with excerpts from the deposition of Mr. Tylawsky where the issue was discussed. Defendants provided those excerpts [DE 30]. Having reviewed the correspondence submitted by the parties and the relevant case law, I conclude that pursuant to Federal Rule of Civil Procedure 26, all materials reviewed by the expert must be disclosed. Accordingly, Defendants' motion to compel is granted.

---

[1]     Defendants filed a reply letter in further support of their motion [DE 28]. My Individual Practice Rule III(A)(1) prohibits the filing of a reply in support of letter motions. Accordingly, Defendants' letter [DE 28] will not be considered by the Court.

Rule 26(a)(2)(B) states that

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case . . . be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; ***the data or other information considered by the witness in forming the opinions***; and exhibits to be used as a summary of or support for the opinions . . .

Fed. R. Civ. P. 26(a)(2)(B) (emphasis supplied). According to Defendants, in Mr. Tylawsky's report, he listed a document identified as "Plaintiff's Statement," among those he reviewed. Defendants demanded that this document be produced and Plaintiff refused. Plaintiff argues that disclosure is not required because (1) the expert did not rely on Plaintiff's Statement and (2) the document constitutes attorney work product. As noted below, both of these arguments have been rejected by other district courts in this Circuit.

The Advisory Committee Notes for the 1993 Amendments to Rule 26 note that "litigants should no longer be able to argue that materials furnished to their experts . . . – whether or not ultimately relied upon by the expert – are privileged." This comment has been interpreted by Courts within this district as requiring disclosure of the materials reviewed by the expert, even if the expert did not "rely" on the document. *See, e.g., Sicurelli v. Jeneric/Pentron, Inc.,* No. 03-CV-4934, 2006 WL 1329709 (E.D.N.Y. May 16, 2006); *Schwab v. Philip Morris USA, Inc.*, No. 04-CV-1945 (E.D.N.Y. Mar. 20, 2006). At his deposition, Mr. Tylawsky testified that "I didn't rely on it. I certainly reviewed it, but it made no sense to me, so I didn't rely on it." Thus Plaintiff's contention that the written statement was not reviewed by her expert is contradicted by

2

the expert's testimony. This case falls squarely within the ambit of cases requiring disclosure where the document was reviewed by the expert but not relied upon by him.

As to Plaintiff's contention that the document is protected by the attorney work product doctrine, the weight of authority in this Circuit supports disclosure of any materials reviewed by the expert, whether or not privileged. *See, e.g., Sparks v. Seltzer*, No. 05-CV-1061, 2007 WL 295603 (E.D.N.Y. Jan 29, 2007)(collecting cases).

Accordingly, it is hereby ordered that Plaintiff produce a copy of Plaintiff's Statement reviewed by Mr. Tylawsky within ten days from the date of entry of this Order. Once the document has been produced, the parties shall engage in a meaningful "meet and confer" pursuant to Local Civil Rule 37.3 to determine if it is necessary to re-open the deposition of Mr. Tylawsky.

**SO ORDERED.**

Dated: Central Islip, New York
May 1, 2008

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge